UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KUN ZHAO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-03814 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Kun Zhao's ("Petitioner") Petition for Writ of Habeas Corpus. Doc. #1. Respondents have notified the Court that Petitioner was removed from the United States. Doc. #26. A habeas petition challenging only a petitioner's detention, and not the underlying removal proceedings or its collateral consequences, becomes moot once the petitioner is released from custody. *See Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025), *report and recommendation adopted*, 2025 WL 1908169 (N.D. Tex. July 10, 2025); *see also Mena v. Barr*, No. 1:20-CV-151, 2020 WL 8093649, at *2 (S.D. Tex. Dec. 14, 2020), *report and recommendation adopted*, 2021 WL 124330 (S.D. Tex. Jan. 13, 2021) ("This District has regularly recognized that a petitioner's claim for habeas relief becomes moot upon his release from ICE custody (by removal or under supervision)."). Here, Petitioner challenges only the legality of her detention and seeks release from custody. Doc. #1. Because Petitioner has now been released, the Court can no longer grant effective relief. *See Etuk*, 2025 WL 1908738, at *3. Accordingly, Petitioner's request for relief under 28 U.S.C. § 2241 is DISMISSED AS MOOT. This is a final judgment. The Clerk is DIRECTED to close this case.

It is so ORDERED.

MAY 2 6 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge